IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-00102-FDW

| | |
|---|---|
| ESTEBAN GARCIA, SR., | ) |
| Plaintiff, | ) |
| v. | ) |
| JACK CONNER, Rutherford Cnty. Sheriff; B. RUFF, Rutherford Cnty. Sheriff's Deputy; E.C. WILLIAMS, Rutherford Cnty. Sheriff's Deputy; UNKNOWN AGENTS, US Attorneys Office, | ) **ORDER** |
| Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's Application to Proceed in forma pauperis, and his pro se complaint which he filed pursuant to 42 U.S.C. § 1983, and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1]

Plaintiff is a federal prisoner who was convicted in this District by a jury in 2001 of conspiracy to possess with intent to distribute at least five kilograms of cocaine and at least 50 grams of methamphetamine, all in violation of 21 U.S.C. §§ 846 and 841. On August 27, 2002, Plaintiff was sentenced to a term of 262-months' imprisonment and his criminal judgment was affirmed on appeal. See United States v. Garcia, Sr., 87 F. App'x 323 (4th Cir.), cert. denied, 541 U.S. 1090 (2004). Plaintiff later challenged his judgment pursuant to a motion to vacate, set aside

---

[1] Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

1

or correct sentence, which he filed pro se under the provisions of 28 U.S.C. § 2255. (1:05-cv-00059-LHT). The Court denied the Section 2255 motion after finding that it was without merit and the Fourth Circuit dismissed Petitioner's appeal. United States v. Garcia, 180 F. App'x 434 (4th Cir. 2006) (unpublished).

In the present civil proceeding, Plaintiff blankly asserts that the defendants have failed to return "property" that he contends belongs to him; however Plaintiff does not identify the property, allege when it was taken, or the circumstances under which it was allegedly taken. Based on the foregoing, the Court finds that Plaintiff's complaint should be dismissed as it fails to give the defendants – or this Court – fair notice of the nature of any claim against them. See FED R. CIV. P. 8(a), (d).

Moreover, Plaintiff's drug activity, which led to his federal conviction, began in the 1990s in Rutherford County, and concluded in or about 2001 upon his indictment and arrest. Plaintiff has been in federal custody since his arrest; therefore it appears from the face of the complaint that any claim for property would be barred by the applicable statute of limitations in North Carolina. See See Owens v. Okure, 488 U.S. 235, 249-50 (1989) (explaining law of the state where district court presides governs statute of limitations); Owens v. Baltimore City State's Attys. Office, 767 F.3d 379, 388 (4th Cir. 2014). Under North Carolina law, a claim for "taking, detaining, converting or injuring goods or chattel, including [an] action for their specific recovery" must be commenced within three-years from the date of the alleged wrongful action. N.C. Gen. Stat. § 1-52(4). See Eriline Co. S.A. v. Johnson, 440 F.3d 648 (4th Cir. 2006) (explaining sua sponte consideration of statute of limitations in IFP cases).[2]

---

[2] "Although a court generally possesses no strong institutional interest in the enforcement of a statute of limitations, we have recognized that a statute of limitations defense may properly be raised sua sponte by a district court in certain narrow circumstances. Specifically, we have permitted sua sponte consideration of the statute of limitations when such a defense plainly appears on the face of either a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254, or a complaint filed in forma pauperis pursuant to 28 U.S.C. § 1915. As explained in Hill and Nasim, this deviation from

For the reasons stated, the Court finds that Plaintiff's complaint should be dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff' complaint is **DISMISSED without prejudice**. (Doc. No. 1).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: May 20, 2016

Frank D. Whitney
Chief United States District Judge

---

the general rule— that a statute of limitations defense is waived if not timely raised by the defendant—is justified for two reasons. First, both habeas corpus and in forma pauperis proceedings, like failure to prosecute, abuse of process, and res judicata, implicate important judicial and public concerns not present in the circumstances of ordinary civil litigation. Second, in both habeas corpus and in forma pauperis proceedings, the district courts are charged with the unusual duty of independently screening initial filings, and dismissing those actions that plainly lack merit." Eriline Co. S.A., 440 F.3d at 655-56 (citations omitted).